The Chancellor.
Amos Hoagland died in 1807. By-Ms will, he disposed of his property as follows:
“ It is my will that my executors shall dispose of so much of my personal property, at public or private sale, as will enable them to discharge the aforesaid debts and funeral charges, and likewise forty dollars, which I give to my beloved wife for her immediate use; and the remainder of my personal property, if any there be, to remain on my farm. Item. It is my will that my wife Mary shall he entitled to all the rents, issues, and profits of my estate, both real and personal, for the bringing up, maintenance, and education of my children during her natural life or widowhood. Item. I give unto my wife Mary one of the best feather beds, and furniture thereunto belonging. I also give unto my said wife the large blue cupboard, and all the linens it doth contain. Lastly. I give unto my said wife a certain negro girl, named Rose, now living with a certain James Lake, to be to her and *374 her heirs for ever. Item. I give unto my son Jonathan the sum of one thousand dollars, and to my younger son, Amos, the sum of three hundred dollars; to my daughter Rebecca two hundred dollars, and to my daughter Mary two hundred dollars, to be to them and their heirs for ever, but not to be paid until my estate, both real and personal, be sold and divided. Item. It is my will that my daughter Hannah, the wife of "William Williamson, shall occupy and have during her natural life full possession, and be entitled to all the rents, issues, and profits of a certain lot of land lying and being in the township of Bethlehem, county of Hunterdon, and state of New Jersey. And after the death of my daughter Hannah, wife of William Williamson, it is my will that the lot be sold by my executors, and the money arising by the sale of the lot aforesaid to be divided among the children of my daughter Hannah, the wife of William Williamson, share and share alike, as they shall attain to the age of twenty-one years. Item. It is my will, and I do enjoin it upon my executors, that they take charge of the above said lot of land in Bethlehem; that there be no abuse of said lot, or timber cut and destroyed for any use whatever, except for the necessary use of the said lot. Item. It is my will that after the death of my wife that all my estate, both real and personal, except my said wife chooses to give up the estate before her decease, be sold, and the money arising by the sales to be divided as follows amongst my several children, named Jonathan, Andrew, Rebe'cca, Amos, and Mary, to be divided among them and to their heirs for ever share and share alike. Item. It is my will that my daughter Sarah, wife of Jacob Williamson, shall have the use and benefit of one equal share with the rest of my children as long as she shall live, and after her decease the mother’s share result to her lawful heirs of her body begotten, share and share alike, as they shall attain to the age of twenty-one years. Item. It is my will that if any of my children shall die without lawful *375 issue of the body begotten, then his, her, or their share or legacy to be equally divided amongst the survivors, share and share alike. Item. It is my will, and I hereby order, that in case the nominal shares of my estate amount to a greater sum than the lot which my daughter Hannah, wife of William Williamson, now lives in, then :and in such case Hannah shall have a right to an equal share of the overplus more than the value of the lot.”
The bill alleges that the estate was finally settled many years ago, and was distributed among the several legatees, and that Jonathan Hoagland, who was one of the executors, and also one of the legatees, received and retained, as his distributive share, the sum of $2000; that in the year 1851, Jonathan Hoagland died, leaving a considerable estate, amounting to much more, after payment of all claims against his estate, than the amount he received from his father’s estate. At the time of his death, all his brothers and sisters were dead, except his sister Eebecca Vanfliet and the complainant, Hannah Chamberlain. The complainants claim, by their bill, that Jonathan Hoagland having died without issue, the share which ho received under his father’s will must, according to the provisions of that will, be equally divided between the said sisters who survived him. The defendant, who is the executor of Jonathan Hoaglaiid, has demurred to the bill. Upon these pleadings the question arises upon construction of the will of Amos Hoagland.
When the testator declared that if any of his children should die without lawful issue of the body begotten, then his, her, or their share, or legacy, should be equally divided among the survivors, share and share alike, he used the term “ survivors” with reference to the period when the estate should be divided after the happening of the event mentioned in his will, to wit, the death of his wife. I think that this was manifestly the intention of the testator, looking at the whole will. He had made certain specific devises and bequests to several of his children, *376 He then gives a life estate to his wife in his real and personal property not specifically disposed of. He then declares that his real and personal estate, after the death of his wife, unless his wife chooses to give up the estate before her decease, shall be sold and divided among certain of his children; and then follows the clause of the will which has given rise to the dispute. After the death of the widow, the estate was settled, and was disposed of according to the directions of the will, and Jonathan received his share. It was the intention of the testator that when Jonathan received his share, he should take it absolutely, and not in such a way as to create a limitation over after his death, in the event of his dying without issue.
But whatever may he the construction of this clause of the will, I do not think that the complainant, Hannah, was intended by the testator to be benefited, in any event, by the property thereby disposed of. He had before made a devise to Hannah of all the rents and profits of certain real estate, directing the same to be sold, at her death, by his executors, and the proceeds divided among the complainant’s children. He then makes the bequest, which has given rise to this controversy, to his six children, Jonathan, Andrew, Hebeeca, Amos, Mary, and Sarah. Then follows the clause, “if any of my children shall die,” &c. The testator here referred to the six children just before named. The language is not applicable to the devise before made to the complainant, Hannah, “ then his or her share or legacy to be equally divided.” Hannah had no share with her brothers and sisters in the estate to be divided after her mother’s death.
I cannot see, upon any construction of the will, that the complainants have any claim against the defendants. The demurrer is well taken, and the bill must be dismissed with costs.